UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
                            :
CHARLOTTE WALTERS           :
WATERBURY HOSPITAL          :
                            :
v.                          :  CIV. NO. 07CV1124 (JCH)
                            :
HOWMEDICA OSTEONICS CORP.   :
                            :
```

RULING ON DISCOVERY

This case has been referred for supervision of discovery, resolution of discovery disputes and entry of a scheduling order. Oral argument was held on January 6, 2009, on defendant's Motion to Preclude Plaintiff's Experts **[Doc. #42]**.

Motion to Preclude Plaintiff's Medical Experts

Defendant seeks an order precluding plaintiff from eliciting expert testimony from treating physicians identified by plaintiff as potential "expert" witnesses at trial.[1]  At oral

_____

[1]The Court notes that under Judge Hall's scheduling order, the parties are required to disclose all testifying experts including treating physicians.  Plaintiff stated at oral argument that her disclosure of the names of the treating physicians was not intended as a disclosure of her treating physicians as expert witnesses and she apologized to the Court

1

argument, plaintiff stated that she will not be calling any of her treating physicians to testify at trial and she will not be disclosing any medical experts in her case. Rather, plaintiff clarified that she will offer the treating notes of her medical and mental health providers in lieu of testimony pursuant to Conn. Gen. Stat. §52-174.[2] Plaintiff stated at oral argument

---

and counsel for any confusion.

[2]Conn. Gen. Stat. § 52-174(b) states:

> (b) In all actions for the recovery of damages for personal injuries or death, pending on October 1, 1977, or brought thereafter, . . . and in all other civil actions pending on October 1, 2001, or brought thereafter, any party offering in evidence a signed report and bill for treatment of any treating physician, dentist, chiropractor, naturopath, physical therapist, podiatrist, psychologist, emergency medical technician, optometrist, physician assistant or advanced practice registered nurse may have the report and bill admitted into evidence as a business entry and it shall be presumed that the signature on the report is that of the treating physician, dentist, chiropractor, naturopath, physical therapist, podiatrist, psychologist, emergency medical technician, optometrist, physician assistant or advanced practice registered nurse and that the report and bill were made in the ordinary course of business. The use of any such report or bill in lieu of the testimony of such treating physician, dentist, chiropractor, naturopath, physical

2

that she will rely on the treating notes to establish, among

other things,  diagnosis, causation, permanency and damages.

Accordingly, defendant's Motion to Preclude Plaintiff's Experts

**[Doc. #42]** is **DENIED** as moot by agreement.

The underlying issue raised by this dispute is whether

plaintiff may present treatment records to prove causation,

diagnosis, prognosis, permanency and damages in the absence of

any testimony on those subjects.  Testimony on these subjects,

defendant argues, "requires a valid expert disclosure" and "[n]o

such disclosure was made." [Doc. #47 at 2].  Defendant contends

that the pile of treatment records is not sufficient to put

defendant on notice of opinion testimony and/or damages, which

would be governed by the Federal Rule of Evidence 702.  "[T]he

---

therapist, podiatrist, psychologist,
emergency medical technician, optometrist,
physician assistant or advanced practice
registered nurse shall not give rise to any
adverse inference concerning the testimony
or lack of testimony of such treating
physician, dentist, chiropractor,
naturopath, physical therapist, podiatrist,
psychologist, emergency medical technician,
optometrist, physician assistant or advanced
practice registered nurse.

question of the admissibility of the opinion of a physician, whether treating or nontreating, should be governed by the same standards that govern the testimony of expert witnesses generally." George v. Ericson, 250 Conn. 312, 317 (1999).

Defendant seeks leave to designate an expert to respond to plaintiff's opinion evidence or to move to preclude certain documents, or portions thereof, from being offered at trial. On the current record, but without having reviewed specific documents, the Court agrees that plaintiff's treatment records may cross the line into expert/opinion testimony. However, without reviewing the treatment records and narrative reports, the Court is unable to make this assessment and defendant is hampered in making its argument.

As set forth below, plaintiff will provide copies to defendant and the Court of all treatment records she will seek to admit at trial and any narrative reports.

Scheduling Order

Discovery will be completed by February 17, 2009.

Plaintiff will provide a copy of plaintiff's treating physician's narrative report on or before Friday, January 30, 2009, to the Court and defendant's counsel.  Defendant will

4

contact the Court to schedule oral argument if it seeks to preclude, in whole or in part, the doctor's report.

Plaintiff will identify for defendant the treatment records, by Bates number, that she seeks to admit at trial in lieu of testimony and provide a copy of these records to the Court.  Defendant will contact the Court to schedule oral argument if it seeks to preclude, in whole or in part, the treatment records.

Plaintiff's counsel will contact plaintiff's treating psychologist to ascertain when and if the doctor will be providing a narrative report and/or copies of plaintiff's treatment records. Defendant will contact the Court to schedule oral argument if it seeks to preclude, in whole or in part, the psychologist's report.  Plaintiff's counsel will provide copies of any report/treatment records to defendant and the Court.

The parties are encouraged to confer regarding defendant's objections to the reports/treatment records in advance of contacting the Court in an effort to narrow any objections.

The parties will contact the Court if clarification of this ruling is needed or as new issues arise.

Any extensions of this scheduling order must be sought in advance of the deadlines and will only be granted for good cause

shown.

<u>Clarification of the Ruling on</u>
<u>    Joint Motion for Extension of Time [Doc. #56]</u>

A telephone conference was held on January 9, 2009, to clarify the Court's January 5, 2009, ruling on the parties' Joint Motion for Extension of Time. Defendant contacted the Court seeking a modification and/or clarification of the Court's ruling on Item Nos. 1, 4-6, 10-11, 12-13, 18, 19 and 20.  Upon reconsideration and an opportunity to review notes of prior proceedings, the Court's order of January 5, 2009, is modified and/or clarified as follows.

<u>No. 1</u> is modified/clarified as follows: Defendant will provide a witness who can testify on the design and manufacture one or more of the seven hip trays identified in the Sterilization Load Report dated June 30, 2005, provided by HOC to Waterbury Hospital.  The parties acknowledge that the witness can only testify about types of trays recognized by defendant. If possible, defendant's counsel will speak to the witness in advance of the deposition and identify for plaintiffs which trays the witness is prepared to discuss at the deposition.

<u>Nos. 4, 5, 6</u> are modified/clarified as follows: Defendant will provide a supplemental discovery response stating what has

6

been produced in response to these requests and identify the documents by Bates Stamp number.  This request is limited to documents regarding tray weight issues regarding the types of hip trays identified in the Sterilization Load Report dated June 30, 2005, provided by HOC to Waterbury Hospital.

Nos. 10, 11 is modified/clarified as follows. Defendant will find out if any documents exist addressing weight restrictions on surgical trays as set forth in these requests in the Western New England territory from July 1, 2003 to July 1, 2005.

No. 12, 13 is modified/clarified as follows.  Defendant will provide a supplemental discovery response and will produce a corporate representative who can testify on research and studies conducted "by HOC, requested by HOC and/or reviewed by HOC relating in any way to surgical tray weight" in the surgical hip tray division.  This ruling is not limited to the seven specific hip trays identified in the Sterilization Load Report dated June 30, 2005.

No. 18 is modified/clarified as follows. Defendant agreed to designate a design witnesses to testify about the design and assembly of the types of hip trays identified in the Sterilization Load Report dated June 30, 2005.

7

No. 19 is modified/clarified as follows: Records documenting visits by HOC salespersons to Waterbury Hospital for 2003, 2004 and 2005.  If defendant does not have any records, it will file a supplemental discovery response stating that.

Defendant will produce a witness who will testify regarding the defendant's corporate structure.

No. 20: Defendant agreed to produce a witness who will be able to address plaintiff's questions regarding cost considerations in the design process for surgical hip trays. This ruling is not limited to the seven specific hip trays identified in the Sterilization Load Report dated June 30, 2005.

The parties will endeavor to work out issues as they arise. The parties may contact the Court for assistance.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 72.2 of

 the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 27th day of February 2009.


_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE