```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT
                                         :
CHARLOTTE WALTERS                        :
WATERBURY HOSPITAL                       :
                                         :
v.                                       :   CIV. NO. 07CV1124 (JCH)
                                         :
HOWMEDICA OSTEONICS CORP.                :
                                         :
```

<u>RULING ON DEFENDANT'S MOTION TO PRECLUDE CERTAIN EXPERT OPINIONS CONTAINED IN MEDICAL REPORTS AND RECORDS OF PLAINTIFF'S TREATING PHYSICIAN</u> **[DOC. #70]**

This case has been referred to supervise discovery and to resolve discovery disputes, including defendant's Motion to Preclude certain expert opinions contained in medical reports and narrative letters of Plaintiff's treating physician recently identified by plaintiff's counsel **[Doc. #70]**.

<u>Background</u>

On September 17, 2007, Judge Hall issued a Scheduling Order requiring, among other things, that parties intending to call expert witnesses at trial, <u>including treating physicians</u>, "must disclose a report signed by the witness containing the information required to be disclosed by Fed. R. Civ. P. 26(a)(2)(B)." [Doc. #18] (emphasis added).

On February 27, 2008, plaintiff served "expert disclosures" identifying five treating physicians and five general medical practices/hospitals. No Rule 26 reports were attached to

1

plaintiff's disclosures.

On October 30, 2008, defendant filed a motion to preclude plaintiff's expert witnesses for failure to comply with Judge Hall's Scheduling Order and Fed. R. Civ. P. 26(a)(2)(B). [Doc. #42]. "At oral argument, [on January 6, 2009], plaintiff stated that she [would] not be calling any of her treating physicians to testify at trial and she will not be disclosing any medical experts in her case. Rather, plaintiff clarified that she [would] offer the treating notes of her medical and mental health providers in lieu of testimony pursuant to Conn. Gen. Stat. §52-174.[1]" [Doc. #63 at 1-

---

[1]Conn. Gen. Stat. § 52-174(b) states:

> (b) In all actions for the recovery of damages for personal injuries or death, pending on October 1, 1977, or brought thereafter, . . . and in all other civil actions pending on October 1, 2001, or brought thereafter, any party offering in evidence a signed report and bill for treatment of any treating physician, dentist, chiropractor, naturopath, physical therapist, podiatrist, psychologist, emergency medical technician, optometrist, physician assistant or advanced practice registered nurse may have the report and bill admitted into evidence as a business entry and it shall be presumed that the signature on the report is that of the treating physician, dentist, chiropractor, naturopath, physical therapist, podiatrist, psychologist, emergency medical technician, optometrist, physician assistant or advanced practice registered nurse and that the report and bill were made in the ordinary course of business. The use of any such report or bill in lieu of the testimony of such treating physician, dentist, chiropractor, naturopath, physical therapist, podiatrist, psychologist, emergency medical technician, optometrist, physician assistant

2]. Plaintiff stated that she would "rely on the treating notes to establish, among other things, diagnosis, causation, permanency and damages." [Doc. #63 at 3-4].

The Court in denying defendants' motion to preclude ordered plaintiff to provide copies of all of the treating records and narrative reports she will seek to admit. [Doc. #63]. Plaintiff identified a total of three records from plaintiff's treating orthopedist, Dr. William Flynn, including two narrative letters to plaintiff's counsel dated January 8, 2009, and April 1, 2009, and a January 15, 2007 treatment note. Also identified were 185 pages of medical records from 12 separate providers.

Thereafter, defendants filed this motion to preclude those records or portions of the identified records. Oral argument was held on June 18, 2009.

Discussion

It is undisputed that plaintiff has not complied with the expert disclosure requirements set forth in Judge Hall's Scheduling Order and Fed. R. Civ. P. 26(a)(2)(B). Plaintiff has represented that she will not be calling any experts at trial and

---

> or advanced practice registered nurse shall not give rise to any adverse inference concerning the testimony or lack of testimony of such treating physician, dentist, chiropractor, naturopath, physical therapist, podiatrist, psychologist, emergency medical technician, optometrist, physician assistant or advanced practice registered nurse.

admits that the treatment records and narrative reports contain the opinions of the treating physicians.  Plaintiff contends that the treating physicians' reports do not fall under the expert rule and may be admitted in full pursuant to Conn. Gen. Stat. § 52-174(b). The Court disagrees.

Judge Hall has made it clear that, "[a]n expert is anyone, including a treating physician, who may be used at trial to present evidence under Rules 702, 703 and 705 of the Federal Rules of Evidence." [Doc. #18 at 1].  Plaintiff made no Rule 26 disclosure pursuant to the Court's order.  Plaintiff concedes that the treating records and narrative reports will be submitted to show diagnosis, permanency, causation and prognosis. Plaintiff may not circumvent Judge Hall's order or the requirements on expert disclosure under the Federal Rules. Conn. Gen. Stat. "§52-174 does not relieve the offering party of the obligation of properly disclosing their experts in a timely manner . . . ." Sabatasso v. Hogan,  91 Conn. App. 808, 822 (Conn. App.,2005) (citing Rosenberg v. Castaneda, 38 Conn. App. 628, 631-32 (1995). The Connecticut Appellate Court held, "[i]f we were to adopt the plaintiff's argument that the admittance of medical reports is governed by §8-3(5) of the Connecticut Code of Evidence and that no disclosure is necessary, an offering party who had not properly disclosed a medical expert that he or she wanted to call to the witness stand could circumvent the failure to disclose simply by submitting the expert's medical reports, which would

not be subject to cross-examination, deposition or rebuttal reports because the other party would not know about the evidence until it was offered during trial. This just does not make sense, especially where our rules of practice require full disclosure." Id.

On this record, defendant's Motion to Preclude certain expert opinions contained in medical reports and narrative letters of Plaintiff's treating physician is **GRANTED. [Doc. #70].**

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 2nd day of July 2009.

\_\_\_\_/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE